UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO



09 NOV 10 PM 12: 59

| | |
|---|---|
| Joseph Shanks, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HONDA OF AMERICA MFG., INC., MICHAEL RYAN, HONDA RETIREMENT BOARD, HONDA INVESTMENT COMMITTEE, MERRILL LYNCH & CO, AND UNKNOWN JOHN DOES 1-10,<br><br>Defendants. | 2:08 CV 1059<br><br>Case No. ___JUDGE FROST___<br>MAGISTRATE JUDGE KEMP<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974<br><br><br>JURY TRIAL DEMANDED |

Plaintiff Joseph Shanks ("Plaintiff"), a former employee of Honda of America Manufacturing, Inc. ("Honda") and a participant in the Honda of America Mfg., Inc. Savings Plan (the "Plan"), on behalf of himself and all others similarly situated, alleges, based upon personal information as to himself and the investigation of Plaintiff's counsel, as follows:

### NATURE OF THE ACTION

1.  This is a class action brought on behalf of the Plan pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, against the fiduciaries of the Plan for violations of ERISA that occurred between November 7, 2002 through the present (the "Class Period"). Claims are also asserted herein against Merrill Lynch & Co., Inc.("Merrill Lynch"), one of the key fiduciaries for the Plan.

2. The Plan is a retirement plan sponsored by Honda and is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 19 U.S.C. § 1002(2)(A). Such plans provide an opportunity for employees to save their own pre-tax dollars in individual accounts. Participants' accounts provide a number of investment alternatives into which employees place a portion of their current income with the hope of earning, over time, a return sufficient to support themselves and their families in retirement.

3. The return on employees' investments is critical. Even seemingly small reductions in a participant's return in one year may substantially impair his or her accumulated savings at retirement.

4. While such reductions in benefit plan returns may result from market fluctuations, a constant force reducing plan earnings is the administrative and investment management fees and expenses assessed against account balances.

5. Unlike general market fluctuations, employers *can* control these fees and expenses. Indeed, they are required to do so under the law.

6. For providing various services, third-party plan administrators, record-keepers, consultants, investment managers, and other vendors in the 401(k) industry have developed a variety of pricing and fee structures.

7. The fees and expenses paid by the Plan, and thus borne by the Plaintiff and the other Plan participants, were and are unreasonably excessive; not incurred solely for the benefit of the Plan and its participants; and undisclosed to those participants. By subjecting the Plan and its participants to those excessive fees and expenses, Defendants violated their fiduciary duties and obligations under ERISA.

8. Because Plaintiff's claims apply to the participants and beneficiaries as a whole, and because ERISA authorizes participants such as Plaintiff to sue for plan-wide relief for breach of fiduciary duty, Plaintiff brings this case as a class action on behalf of all participants and beneficiaries of the Plan during the Class Period.

9. Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a), Plaintiff seeks to recover the losses suffered by the Plan from Merrill Lynch, Honda, the Honda Retirement Board and its Members, the Honda Investment Committee and its Members, and other defendants identified below based upon breaches of their fiduciary duties (collectively "Defendants").

**PARTIES**

10. **Plaintiff Joseph Shanks ("Plaintiff")** is a resident of Ohio. Plaintiff is a former Honda employee and was a participant in the Honda of America Mfg., Inc. Savings Plan during the Class Period.

11. **Defendant Michael Ryan ("Ryan").** Defendant Ryan was, at all times relevant hereto, the named Plan administrator and Plan sponsor. He was privy to confidential proprietary information concerning the Company and its business, operations, products, growth, financial statements, and financial condition. He also communicated with Plan participants. Moreover, he had the authority to appoint, remove and monitor the Retirement Board members. These were fiduciary acts and, as such, he served as a fiduciary during the Class Period.

12. **Defendant Honda of America Mfg., Inc. ("Honda")** Defendant Honda is an Ohio corporation with its principal executive offices located at 24000 Honda Parkway, Marysville, Ohio. Honda is the Plan's sponsor and had fiduciary responsibility over the Plan.

13. **Defendant Honda Retirement Board and its Members (the "Retirement Board").** The Retirement Board had the general responsibility for the administration of the

Honda Savings Plan. The Retirement Board members acted as fiduciaries with respect to the management and administration of the Plan and its assets. At all relevant times, the members of the Retirement Board were, upon information and belief, all employees, officers, or directors of Honda. Plaintiff currently does not know the identity of the specific people who served on the Retirement Board during the Class Period. Therefore, such persons are herein named as unknown John Does 1-10. Once the identities of the Retirement Board members are ascertained, Plaintiff will seek leave to join them under their true names.

14. **Defendant Honda Investment Committee and Its Members (the "Investment Committee").** The Investment Committee had the general responsibility for the administration of the Honda Savings Plan. The Investment Committee members acted as fiduciaries with respect to the management and administration of the Plan and its assets. At all relevant times, the members of the Investment Committee were, upon information and belief, all employees, officers, or directors of Honda. Plaintiff currently does not know the identity of the specific people who served on the Investment Committee during the Class Period. Therefore, such persons are herein named as unknown John Does 1-10. Once the identities of the Investment Committee members are ascertained, Plaintiff will seek leave to join them under their true names.

15. **Defendant Merrill Lynch.** Defendant Merrill Lynch & Company ("Merrill Lynch") served as one of the key fiduciaries as investment managers for the Plan. In such capacity, Merrill Lynch helped to establish the fee structure and received excessive and illegal fees and expenses to the detriment of Plan participants during the Class Period.

16. All of the Defendants are fiduciaries of the Plan within the meaning of ERISA. They were de facto fiduciaries under the Plan documents, and performed discretionary fiduciary acts on behalf of the Plan and its participants.

## JURISDICTION AND VENUE

17. Plaintiffs bring this action pursuant to ERISA §§ 502(a)(2) & (3), 29 U.S.C. § 1132(a)(2), which provides that participants may pursue civil actions on behalf of the Plan to remedy breaches of fiduciary duty as set forth in ERISA § 409, 29 U.S.C. § 1109. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1)(2).

18. All Defendants are subject to service of process issued from this Court pursuant to 29 U.S.C. § 1132(e)(1)(2). This Court also has personal jurisdiction over them pursuant to Fed. R. Civ. P. 4(k)(1)(A) because they all would be subject to the jurisdiction of a court of general jurisdiction in the State of Ohio.

19. Venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in this district, some or all of the fiduciary breaches for which relief is sought occurred in this district, and/or some Defendants reside or maintain their primary place of business in this district.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated Plan participants and beneficiaries. They seek to represent the following:

> *All persons who are or were participants or beneficiaries of the Plan between November 7, 2002 and the present.*

21. Certification of this Class is proper under Rule 23(a) in that:

A. **Numerosity.** The members of the Class are so numerous that joinder of all members is impracticable. Well over 10,000 members of the Class participated in, or were beneficiaries of, the Plan during the Class Period.

B. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    (1) whether Defendants acted as fiduciaries;

    (2) whether Defendants breached their fiduciary duties to the Plan, Plaintiff and members of the Class by charging excessive and unlawful fees and expenses to the Plan;

    (3) whether Defendants violated ERISA; and

    (4) whether the Plan and, therefore, members of the Class have sustained damages and, if so, what is the proper measure of damages.

C. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class because the Plan, as well as Plaintiff and the other members of the Class, each sustained damages arising out of Defendants' wrongful conduct in violation of federal law as complained of herein.

D. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action, complex, and ERISA litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

22. Class certification is also appropriate under Rule 23(b) and each subpart in that:

a. Pursuant to Rule 23(b)(1)(B), in the absence of certification, there is a risk

of inconsistent adjudications with respect to individual class members;

b. Pursuant to Rule 23(b)(2), as set forth above, the Defendants have acted on grounds generally applicable to the Class as a whole; and

c. Pursuant to Rule 23(b)(3), as set forth above, common issues of law and fact predominate over any purely individual issues and thus a class action is superior to any other method for adjudicating these claims.

## RELEVANT ERISA PROVISIONS

23. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), provides, in pertinent part, that a civil action may be brought by a participant for relief under ERISA § 409, 29 U.S.C. § 1109.

24. ERISA § 409(a), 29 U.S.C. § 1109(a), "Liability for Breach of Fiduciary Duty," provides, in pertinent part, that any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by ERISA shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

25. ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B), provides, in pertinent part, that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and their beneficiaries, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

26. These fiduciary duties under ERISA § 404(a)(1)(A) and (B) are referred to as the duties of loyalty, exclusive purpose and prudence and are the "highest known to the law." They entail, among other things:

   a. The duty to conduct themselves as Plan fiduciaries with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent ERISA professional fiduciary would in operating and administering a 401(k) plan the size and character of the Plan;

   b. The duty to perform their duties as fiduciaries with the utmost loyalty and fidelity to the Plan and its participants and beneficiaries, avoiding at all times conflicts of interest, self-interest, and duplicity;

   c. The duty to ensure, at all times, that Plan assets "shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the Plan and their beneficiaries and defraying reasonable expenses of administering the Plan";

   d. The duty to track and account for all transactions involving the Plan and Plan assets so that Plan assets are retained, managed, and disbursed in compliance with any plan documents and ERISA;

   e. The duty to ensure that all fees and expenses incurred by the Plan are reasonable and incurred for the sole and exclusive benefit of Plan participants and beneficiaries;

   f. The duty to enter into agreements with service providers to the Plan -whether direct or indirect- that are reasonable for the services provided and made for the sole and exclusive benefit of Plan participants and beneficiaries;

g.  The duty to establish, implement, and monitor procedures to properly and prudently determine whether fees and expenses are reasonable;

h.  The duty to communicate with Plan participants with honest, clear, and complete information needed to understand the fees and expenses incurred in connection with investments; and

i.  The duty to, upon request, provide any further information to Plan participants and beneficiaries regarding the operation and administration of the Plan and the expenses incurred in doing so.

27. Plaintiff therefore brings this action under the authority of ERISA § 502(a)(2) for plan-wide relief under ERISA § 409(a) to recover losses sustained by the Plan arising out of the breaches of fiduciary duties by Defendants for violations under ERISA § 404(a)(1) and ERISA § 405(a).

## FACTS APPLICABLE TO ALL COUNTS

28. During the Class Period, Defendants, directly or indirectly, caused the Plan to purchase services from various plan service providers (such as Merrill Lynch) including, trustee, record-keeping, administration, investment advisory, investment management, brokerage, insurance, consulting, accounting, legal, printing, mailing and other services.

29. The costs of these services, whether outsourced, performed by the Plan fiduciaries themselves, or by Merrill Lynch, were borne by the Plan and assessed against individual participants' accounts.

30. Therefore, the return each individual receives from his/her investment in the Plan is reduced by the amount of fees/expenses assessed for such "administrative services."

31.   Here, Defendants charged excessive and exhorbinant fees and expenses to the Plan and thereby directly to the Plan participants. These fees were and are not incurred solely for the benefit of the Plan and its participants and beneficiaries. Defendants also allowed Defendant Merrill Lynch to charge the Plan multiple levels of investment management fees. This is a practice known as "double-dipping" on the investment management fees, and it is strictly prohibited under ERISA.

32.   These excessive and unreasonable fees and expenses damaged the Plan and its participants and beneficiaries because they could have been invested and thus led to additional investment returns for the Plan and its participants and beneficiaries.

33.   By subjecting the Plan and its participants to these excessive fees and expenses, and by other conduct set forth below, Defendants violated their fiduciary obligations under ERISA and caused damages to the Plan. ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1) unambiguously mandates that: "The assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries." ERISA also charges Plan fiduciaries with a fiduciary duty to "defray[ ] reasonable expenses of administering the plan." *Id.*

34.   ERISA §§ 404(a)(1)(A)&(B) of ERISA, 29 U.S.C. § 1104(a)(1)(A) & (B), require that Plan fiduciaries, including Defendants, "shall discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

35.   The Defendants did not disclose, nor to this day have they disclosed, true and accurate information regarding: (a) How much they are paying in fees and expenses for the Plan;

(b) Who is receiving Plan assets in the form of fees and expenses; (c) How much service providers are paid in addition to their disclosed, hard dollar fees; and (d) Whether the total amount paid to service providers as fees and expenses is reasonable and incurred solely for the benefit of participants.

36. Plan participants did not have, and do not have, complete and actual knowledge of the fees and expenses being charged to the Plan that reduced their account balances.

37. Defendants are required to disclose to participants the "actual expenses incurred with respect to their respective individual account." *See,* 29 C.F.R. § 2550.4c-1(b)(2)(ii)(A).

38. The Defendants, however, have not told Plan participants, and Plan participants do not know the "annual operating expenses" of the investment options in the Plan, as required by 29 C.F.R. § 2550.404c-1(b)(2)(i)(B)(*2*)(*i*); or the actual expenses incurred with respect to their respective and individual accounts, as required by 29 C.F.R. § 2550.404c-1(b)(2)(ii)(A).

39. Because the Defendants failed to provide Plan participants with this information, and indeed have concealed such information from them, they have and continue to lack the requisite information in order to protect their financial interests in the Plan.

### ERISA SECTION 404(c) DEFENSE INAPPLICABLE

40. ERISA § 404(c) is an affirmative defense that provides a limited exception to fiduciary liability for losses that result from participants' exercise of control over investment decisions. In order for § 404(c) to apply, participants must in fact exercise "independent control" over investment decisions, and the fiduciaries must otherwise satisfy the procedural and substantive requirements of ERISA § 404(c), 29 U.S.C. § 1104(c), and the regulations promulgated under it.

11

41. Those provisions were not complied with here because, among other reasons, instead of providing full and accurate information to Plan participants regarding the administration of the Plan (including the attendant fees and expenses), Defendants did exactly the opposite. As a consequence, participants in the Plan did not have the opportunity to obtain sufficient information to make informed decisions regarding the Plan.

42. Because ERISA § 404(c) does not apply here, Defendants' liability to the Plan, Plaintiff and the Class is established upon proof that the imposition of fees that were and continue to be excessive and unreasonable and/or not incurred for the benefit of Plan participants and beneficiaries resulted in losses in the value of the assets in the Plan during the Class Period.

## CAUSES OF ACTION

### COUNT I
### Breach of Fiduciary Duty- ERISA § 502(a)(2)

43. Plaintiffs restate and incorporate the allegations contained in ¶¶ 1 through 43 as though fully set forth here.

44. At all relevant times, as alleged above, all Defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

45. As set forth in detail above, Defendants breached their fiduciary obligations to the Plan, Plan participants and beneficiaries and the Class by, among other conduct to be proven at trial:

   a. Causing the Plan to enter into agreements with services providers under which the Plan paid and continues to pay fees and expenses that were and continue to be unreasonable and/or not incurred for the benefit of Plan participants and beneficiaries;

   b. Allowing the Plan to pay fees and expenses that were and continue to

be unreasonable and/or not incurred solely for the benefit of Plan participants and beneficiaries;

c.  Failing to monitor the fess and expenses paid by the Plan and, by such failure, causing and/or allowing the Plan to pay fees and expenses that were and continue to be unreasonable and/or not incurred solely for the benefit of Plan participants and beneficiaries;

d.  Failing to establish, implement, and follow procedures to properly and prudently determine whether fees and expenses paid by the Plan were reasonable and incurred solely for the benefit of Plan participants;

e.  Failing to clearly communicate with Plan participants and inform them of the expenses that are and continue to be paid by the Plan as well as the transactions, fees, and expenses which affect participants' individual account balances; and

f.  Failing to discover, disclose, and stop the charging of hidden and excessive fees to the Plan.

46.  As set forth in detail above, as a result of these breaches, Plaintiffs, the Class, the Plan, and the Plan's participants and beneficiaries have suffered financial losses and damages.

47.  Further, as set forth in detail above and further discussed below, the Defendants failed to provide participants and beneficiaries with sufficient investment information to qualify for the Safe Harbor Immunity of ERISA §404(c), 29 U.S.C. 1104(c). Accordingly, the Defendants are liable for participants and beneficiaries' investment losses in the Plan.

48.  Pursuant to ERISA § 409, 29 U.S.C. § 1109, and ERISA § 502(a), the Defendants are liable to restore to the Plan the losses it experienced as a direct result of the Defendants'

breaches of fiduciary duty and are liable for any other available and appropriate equitable relief, including prospective injunctive relief and declaratory relief, and attorneys' fees.

## COUNT II
### Engaging in Prohibited Transactions in Violation of ERISA §406(b)
### (Against All Defendants)

49.     Section 406(b) of ERISA prohibits a fiduciary from dealing with the assets of a plan in his own interest or for his own account; from acting on behalf of a party whose interests are adverse to a plan in any transaction involving the plan; or from receiving consideration for his own account from a party dealing with the plan in connection with a transaction involving plan assets.

50.     Defendants violated Section 406(b) of ERISA by engaging in undisclosed self-dealing by offering by charging the Plan multiple layers of fees and by accepting undisclosed payments from third parties for

51.     Defendants further violated the prohibited transaction rules set forth in ERISA 406(b) by offerings high cost, proprietary funds in the Plan. This was done for the sole purpose of maximizing Defendants own profit and fees at the expense of the Plan and its participants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A.      An Order compelling Defendants to make good to the Plan all losses to the Plan resulting from Defendants' breaches of their fiduciary duties and imposition of fees that were excessive and/or not incurred for the benefit of Plan participants, and to restore to the Plan all profits Defendants made through use of the Plan's assets, and to restore to the Plan all profits which the participants would have made had Defendants fulfilled their fiduciary obligations;

B.      Actual damages in the amount of any losses the Plan suffered, to be allocated among the participants' individual accounts in proportion to the accounts' losses;

C.      An Order awarding costs pursuant to 29 U.S.C. § 1132(g);

D.      An Order awarding attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial on all claims asserted in this Complaint.

DATED: November 7, 2008            SCOTT + SCOTT, LLP

*signature*  (0073084)

Geoffrey M. Johnson
Walter W. Noss
Scott + Scott, LLP
12434 Cedar Road
Cleveland Heights, Ohio 44106
Phone: (216) 229-6088
Fax: (216) 229-6092

Judy Scolnick
Scott + Scott, LLP
29 West 57th Street
New York, New York 10019
Phone: (212) 222-6444
Fax: (212) 223-6334

David R. Scott
Scott + Scott, LLP
108 Norwich Avenue
P.O. Box 192
Colchester, Connecticut 06415

***Attorneys for Plaintiff Joseph Shanks***

15