# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE HONDA OF AMERICA MFG., INC. ERISA FEES LITIGATION | Case No. 2:08-cv-1059 GLF-TPK |
| THIS DOCUMENT RELATES TO: | CLASS ACTION<br>Judge Gregory L. Frost<br>Magistrate Judge Terence P. Kemp |

## OPINION AND ORDER

This matter is before the Court on Defendant Merrill Lynch's Motion to Stay Pending Resolution of Motion Before Judicial Panel on Multidistrict Litigation ("MDL Panel") to Transfer Related Cases for Coordinated or Consolidated Pretrial Proceedings ("Merrill Lynch's Motion to Stay") (Doc. # 44), Plaintiffs' Opposition to Merrill Lynch's Motion to Stay (Doc. # 47), and Defendants Honda of America Mfg., Inc. ("Honda") and Michael Ryan's Memorandum of Law in Opposition to Defendant Merrill Lynch's Motion to Stay (Doc. # 48). For the reasons that follow, the Court **DENIES** Merrill Lynch's motion.

## I. Background

This action began with virtually identical class action complaints filed in this District by Joseph Shanks (Doc. # 2) and by Phillip M. Salyer and Tamara L. Stanford as co-plaintiffs in Case No. 2:08-cv-1060 (Doc. # 2). These Ohio Plaintiffs asserted claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* on behalf of a putative class of participants and beneficiaries. Count I of each complaint asserted that Honda and Merrill Lynch breached fiduciary duties under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). Count II of each complaint asserted that Honda and Merrill Lynch engaged in transactions prohibited by ERISA § 406(b), 29 U.S.C. § 1106(b). These violations allegedly arose in

connection with the fees paid to Merrill Lynch for plan services, which fees, Plaintiffs contend, were excessive and unreasonable.

On January 9, 2009, the Ohio Plaintiffs submitted an Unopposed Motion for Consolidation and for Entry of Initial Case Management Order. (Doc. # 17). That motion reflected the agreement of all parties, including Merrill Lynch, that the two cases should be consolidated. On January 13, 2009 this Court granted the motion. (Doc. # 22.) The Ohio Plaintiffs must now file an amended consolidated complaint by March 20, 2009.

A separate ERISA litigation with similarities to this action has been pending in the Northern District of Alabama since December 12, 2008. The Alabama Litigation is a purported class action which alleges ERISA fiduciary breach and prohibited transaction claims arising from the fees received by Merrill Lynch for plan services

On February 27, 2009, Merrill Lynch submitted to the MDL Panel a motion to transfer and consolidate the pretrial proceedings in the Ohio and Alabama Litigations in this Court. Defendant Honda plans to oppose that motion.

On March 2, 2009 Merrill Lynch filed its motion for a stay in this action. The Court expedited the briefing on the motion, which is now ripe for review.

## II. Standard

It is within this Court's sound discretion whether to grant a stay of proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). *See also Voeltner v. Gen. Elec. Co.*, Case No. 2:07-cv-0943, 2007 WL 4287649, at *1 (S.D. Ohio Dec. 4, 2007) (citing *Rivers v.*

*Walt Disney Co.*, 980 F.Supp. 1358 (C.D. Cal. 1997)). In exercising its "substantial discretion to determine whether to grant a stay," a district court generally considers (1) "any prejudice to the non-moving party if a stay is granted," (2) "any prejudice to the moving party if a stay is not granted," and (3) "the extent to which judicial economy and efficiency would be served by the entry of a stay." *Voeltner*, 2007 WL 4287649, at *1.

### III. Analysis

Merrill Lynch requests a stay, arguing that a stay would not prejudice the non-moving parties, it would suffer prejudice if a stay is not granted, and judicial economy and efficiency would be served by the entry of a stay. Merrill Lynch's arguments are not well taken.

First, the Court finds that Honda would suffer prejudice because there is no operative complaint in this consolidated action, leaving it in a position to oppose Merrill Lynch's MDL Motion based upon the allegations in the inoperative complaints. Further, according to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation: "The pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." R.P.J.P.M.L. 1.5. Likewise, the Manual for Complex Litigation makes clear that the district court "should not automatically stay discovery . . . [n]or should the court automatically postpone rulings on pending motions, or generally suspend further proceedings." Manual for Complex Litig., (Fourth) § 20.131 at 220 (2004).

Second, although Merrill Lynch claims hardship because it would be required to brief a motion to dismiss in this action, potentially have to oppose class certification in this action and

3

the Alabama Action, and engage in overlapping discovery in both actions, the Court finds that the hardship is merely speculative. Indeed, with just two extant cases there is no reason why the parties will not be able to coordinate in a fashion that avoids or minimizes duplicative activity. Such coordination would be in keeping with the views of the MDL Panel, which, in denying transfer motions, has observed that "[a]lternatives to Section 1407 transfer exist that can minimize whatever possibilities there might be of duplicative discovery, inconsistent pretrial rulings, or both." *See, e.g., In re Bank of Am. Fiduciary Accounts Litig.*, 435 F. Supp. 2d 1349, 1349 (J.P.M.L. 2006) (citing Manual for Complex Civil Litig., (Fourth) § 20.14 (2004) and examples provided therein). Further, responding to the Ohio Plaintiffs' amended consolidated complaint in this matter will not present any unique hardships.

Third, the Court finds that the effect of a stay upon judicial economy is negligible. No party suggests that this consolidated case may be transferred out of this Court. Thus, what little activity is likely to occur before the MDL Panel issues its decision will not be useless. Moreover, other than the preliminary pretrial conference scheduled for April 21, 2009, there is likely to be little activity that involves the Court until after the MDL Panel issues its decision.

Accordingly, the Court finds that a stay in this action is not warranted.

## IV. Conclusion

Based upon the foregoing, the Court **DENIES** Merrill Lynch's Motion to Stay. (Doc. # 44.)

**IT IS SO ORDERED**.

                                                        **/s/ Gregory L. Frost**
                                                        **GREGORY L. FROST**
                                                        **UNITED STATES DISTRICT JUDGE**