IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joseph Shanks,                    :

    Plaintiff,                :

  v.                              :    Case No. 2:08-cv-1059

Honda of America Mfg.,
et al.,                           :    JUDGE FROST

    Defendants.               :

Phillip M. Salyer, et al.,        :

    Plaintiffs,               :

  v.                              :    Case No. 2:08-cv-1060

Honda of America Mfg., Inc.,      :    JUDGE FROST
et al.,

    Defendants.               :

<u>ORDER</u>

This class action case is before the Court to consider the defendants' motion to stay discovery until the court has ruled on their motions to dismiss. For the following reasons, the motion to stay discovery will be denied. However, the parties will be directed to meet and confer in order to limit the scope of discovery which will occur prior to a ruling on the motions to dismiss.

I.

This Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss filed under Fed.R.Civ.P. 12(b)(6). Both plaintiffs and defendants have cited to a number of those decisions, and it is not necessary to discuss them in great detail. It suffices to say that, as a

general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending unless certain special circumstances justify that action.  In some cases, of course, a stay of discovery is required because the defendant has raised a defense, such as absolute or qualified immunity, which must, as matter of law, be addressed before discovery proceeds.  That situation is not present here.  Alternatively, the Court might be persuaded to order a stay of discovery if it appears that the complaint will almost certainly be dismissed.  See, e.g., Ohio Bell Telephone Co. v.  Global NAPs Ohio, 2008 WL 641252 (S.D. Ohio March 4, 2008), citing Gray v.  First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990).  Otherwise, discovery should proceed while the motion to dismiss is pending, although the Court has broad discretion to limit the amount of discovery which occurs prior to a decision on the motion in order to reduce the burden on the defendant in the event that the motion is granted.

II.

The arguments advanced by the defendants in their motions to dismiss are not overly complex.  Essentially, they assert that the complaint fails to state a claim under ERISA because, first, the scenario described in the complaint - permitting the majority of an ERISA benefits fund to be invested with a single offeror of mutual funds or its affiliated companies (in this case, Merrill Lynch and Blackrock) - is simply not actionable conduct.  They contend that even if such an arrangement allowed Merrill Lynch to charge fees both for its role as a plan manager or consultant, and as part of the cost of shares in its funds, such an arrangement does not violate any duty imposed by ERISA. Defendants also argue that Merrill Lynch is not a fiduciary for this fund, and that the defendants did not violate any duties to disclose the details of Honda's arrangements with Merrill Lynch to any of the fund participants.  Defendants' primary argument is

2

supported by their citation to two cases which, they say, granted a 12(b)(6) motion in almost identical circumstances: Hecker v. Deere & Co., 556 F.3d 575 (7th Cir. 2009) and Columbia Air Servs., Inc. v. Fidelity Mgmt. Trust Co., 2008 WL 4457861 (D. Mass. Sept. 30, 2008). They also point out, in their motion to stay, that the discovery requests which have been served are extremely broad, go to the merits of the case (as opposed to issues surrounding class certification), and would be very expensive and time-consuming to answer.

Plaintiffs' response, stated briefly, is that the case authority is split on whether the types of claims they assert here are actionable under ERISA. In their response to the motion to dismiss, they cite other cases which have refused to grant motions to dismiss identical or similar claims, or which have at least recognized that there is a duty under ERISA not to incur excessive fees in an ERISA benefits fund. See, e.g. Abbott v. Lockheed Martin Corp., 2007 WL 2316485 (S.D. Ill. Aug. 13, 2007); Taylor v. United Tech. Corp., 2009 WL 535779 (D. Conn. March 3, 2009); Kanawi v. Bechtel Corp., 2007 WL 5787490 (N.D. Cal. May 15, 2007); Spano v. Boeing Comp., 2007 WL 1149192 (S.D. Ill. April 18, 2007). Plaintiffs also note that the question of who is an ERISA fiduciary usually has a factual component that is not susceptible to resolution by way of a motion to dismiss. Finally, they assert in their memorandum opposing the motion for stay that they have been willing since the outset to meet with defendants' counsel to try to establish some limits on discovery pending resolution of the motions to dismiss, but that their efforts to do so have been rebuffed.

III.

The Court has read the authorities cited by both sides with respect to the motion to dismiss. It is not, as plaintiffs point out, necessarily the duty of the Court, when considering a motion

3

to stay discovery, to make a precise prediction about the defendants' chances of prevailing on Rule 12(b)(6) motions to dismiss. Rather, this Court need determine only whether this is one of those cases which seems utterly frivolous and therefore inexorably destined for dismissal. Without making any effort to predict Judge Frost's ultimate ruling on the 12(b)(6) motions, it does not appear to this Judge that the case stands essentially no chance of surviving the motions. That is enough to put it into the mainstream of cases where the pendency of a motion to dismiss is not, of itself, good cause for granting a stay of discovery.

It was and is the Court's concern, however, that the parties not expend all of their resources doing merits discovery when there is some chance that the merits will never be reached, and when some merits discovery can legitimately be postponed until after a ruling on both the motions to dismiss and the issue of class certification without jeopardizing the Court's ability to dispose of this case expeditiously. Defendants suggest that the bulk of the discovery served upon them goes to the merits rather than to class issues, while plaintiffs argue just the opposite. Given that the Court will not stay discovery, so that some amount of discovery will need to take place sooner rather than later, the parties should engage in a good faith effort to narrow their differences of opinion about the scope of the discovery already served. If they cannot, after making the required extrajudicial effort, accomplish that goal, they should contact the Court for a conference on the issue. Given the current schedule, they should exhaust their efforts to reach agreement within fourteen days of the date of this order, and contact the Court immediately thereafter if a conference proves necessary.

IV.

Based on the foregoing, the joint motion to stay discovery (#61) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge