UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE HONDA OF AMERICA MFG., INC. ERISA FEES LITIGATION | Case No. 2:08-cv-1059<br>Judge Gregory L. Frost<br>Magistrate Judge Terence P. Kemp |

**OPINION AND ORDER**

This matter is before the Court on Defendant Merrill Lynch Bank & Trust Co., FSB's ("Merrill Lynch's") Motion to Dismiss Complaint ("Motion to Dismiss") (Doc. #62), Plaintiffs' Memorandum of Law in Opposition to Merrill Lynch's Motion to Dismiss (Doc. # 70), and the Reply in Support of Defendant Merrill Lynch's Motion to Dismiss (Doc. # 76). Plaintiffs and Merrill Lynch also request oral argument on Merrill Lynch's Motion to Dismiss. For the reasons that follow, the Court **GRANTS** Merrill Lynch's Motion to Dismiss and **DENIES** the parties' request for oral argument.

**I. Background**

This action began with virtually identical class action complaints filed in this District by Joseph Shanks, Case Number 2:08-cv-1059, and by Phillip M. Salyer and Tamara L. Stanford as co-plaintiffs in Case Number 2:08-cv-1060 (together "Plaintiffs"). On January 9, 2009, Plaintiffs submitted an Unopposed Motion for Consolidation and for Entry of Initial Case Management Order. (Doc. # 17.) On January 13, 2009 this Court granted that motion. (Doc. # 22.) On March 20, 2009, Plaintiffs filed a consolidated amended class action complaint. (Doc. # 53.) In the amended complaint, Plaintiffs asserted two claims for relief, both brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

Plaintiffs were participants in and beneficiaries of the Honda 401(k) Savings Plan (the

"Plan") that Honda established in 1985 to benefit its employees.  The Plan is subject to ERISA and the three named plaintiffs are participants in it.  The Plan is a "defined contribution plan," as defined in ERISA § 3(34), 29 U.S.C. § 1002(34), and contains or is part of an "eligible individual account plan" under ERISA § 407(d)(3)(A), 29 U.S.C. §1107(d)(3)(A).

Plaintiffs are suing on behalf of a putative class of fellow participants and beneficiaries of the Plan who seek to recover losses they claim resulted from the Honda Defendants' and Merrill Lynch's breach of their fiduciary duties and these defendants' engagement in ERISA-prohibited transactions between November 7, 2002 and March 28, 2008 (the "class period").  During the class period Merrill Lynch served as directed trustee and record keeper for the Plan and Honda was the Plan sponsor and administrator.  The Honda Defendants moved separately for dismissal of the claims brought against them ("the Honda Defendants' Motion to Dismiss").  On October 9, 2009, this Court granted the Honda Defendants' Motion to Dismiss.  (Doc. # 91.)

## II.  Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A few months ago, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the United States Supreme Court clarified the plausibility standard articulated in *Twombly*:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical,

>    code-pleading regime of a prior era, but it does not unlock the doors of discovery
>    for a plaintiff armed with nothing more than conclusions. Second, only a
>    complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*,
>    at 556. Determining whether a complaint states a plausible claim for relief will,
>    as the Court of Appeals observed, be a context-specific task that requires the
>    reviewing court to draw on its judicial experience and common sense. 490 F.3d
>    at 157-158. But where the well-pleaded facts do not permit the court to infer
>    more than the mere possibility of misconduct, the complaint has alleged -- but it
>    has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc.
>    8(a)(2).

*Id.,* at 1949-50;

### III. Analysis

In its motion to dismiss, Merrill Lynch asks this Court to dismiss the amended complaint in its entirety for failure to state a claim upon which relief can be granted. Additionally, Plaintiffs and Merrill Lynch request oral argument on Merrill Lynch's Motion to Dismiss.

**A. Request to Dismiss for Failure to State a Claim**

Plaintiffs allege that Merrill Lynch's misconduct was a breach of its ERISA-imposed fiduciary duties (Count I) and that this misconduct involved transactions prohibited by ERISA (Count II). In its motion to dismiss, Merrill Lynch argues it cannot be held liable for the claims brought against it because it was not a fiduciary under ERISA. However, this Court need not determine whether Merrill Lynch was a fiduciary or not because even if it were, the claims against it must be dismissed for failure to state a plausible claim for relief. That is, these are the exact same claims that Plaintiffs brought against the Honda Defendants, which this Court considered and determined that they failed to state plausible claims for relief. (Doc. # 91.) Consequently, the Court dismissed with prejudice those claims against the Honda Defendants. That decision is dispositive as to these same claims brought against Merrill Lynch and the Court hereby incorporates that decision as if fully rewritten here.

Consequently, the Court **GRANTS** Merrill Lynch's Motion to Dismiss for the same reasons that it granted the Honda Defendants' Motion to Dismiss.

**B. Requests for Oral Argument**

Both Plaintiffs and Merrill Lynch request that this Court permit oral argument on the Honda Defendants' Motion to Dismiss. The Court, however, does not deem oral argument "to be essential to the fair resolution of the case" and therefore **DENIES** the parties' request. *See* S.D. Ohio Civ. R. 7.1(b)(2).

### IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Merrill Lynch's Motion to Dismiss (Doc. # 62) and **DENIES** the parties' request for oral argument. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE